```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
                                            CR-88-0723 (CPS)
Michael Anthony Wood,                       CV-94-4652 (CPS)
                                            CV-96-2498 (CPS)
                Petitioner,                 CV-02-1678 (CPS)
                                            CV-06-2851 (CPS)
    - against -
                                            MEMORANDUM OPINION
United States of America,                   AND ORDER

                Respondent.
----------------------------------------X
```

SIFTON, Senior Judge.

On September 12, 1989, Michael Anthony Wood was convicted after a jury trial of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1). Presently before the Court is petitioner's motion for relief on the grounds that he was sentenced in violation of his due process rights, pursuant to the rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). For the reasons set forth below, petitioner's application for relief is denied.

## Background

Familiarity with the underlying facts and procedural history

of this case, as set forth in prior decisions, is presumed. Only those facts relevant to the present motion are discussed.

On December 6, 1988, pursuant to a search warrant, federal agents searched a home at 14 Turner Place in Brooklyn, New York. On the premises, the agents found, among others, petitioner, who was a resident of 14 Turner Place. In one rear bedroom, the agents found, among other things, a loaded .45 caliber semi-automatic pistol under the mattress of the bed. In another bedroom, agents found over 600 grams of cocaine base of 90% purity, a loaded Tech 9 submachine gun, a loaded 9 millimeter semi-automatic pistol, and documents with petitioner's name on them. In the kitchen, agents found $72,000 in cash, crack vials, glassine bags, a digital scale, ammunition, and a Pyrex pot containing crack residue. In the dining room, agents found a notebook containing entries reflecting narcotics transactions.

Petitioner was convicted after trial of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1).

The sentencing guidelines range for petitioner was 235 to

292 months, based on an offense level of 38 and a criminal history category of I, including a 2 point enhancement for obstruction of justice due to petitioner's perjury at trial.[1] I sentenced petitioner to concurrent sentences of 235 months imprisonment on the conspiracy and substantive drug counts and to a consecutive 60-month prison sentence on the gun count. In a nonpublished order issued on March 2, 1990, the Court of Appeals affirmed Wood's conviction.

Petitioner moved to vacate his conviction for violating 18 U.S.C § 924(c)(1) and to modify his sentence on the drug counts. In a May 15, 1998 Memorandum Opinion and Order, I vacated Wood's conviction on the gun count in light of *Bailey v. U.S.*, 516 U.S. 137 (1995),[2] and ordered that Wood be resentenced on the drug counts. At the May 20, 1999 resentencing I imposed an additional 2 point enhancement for possessing a gun, and found the minimum sentence in the applicable Guidelines range to be 292 months based on an offense level of 40.[3] I decided to downwardly depart

---

[1] Without the perjury enhancement, the range was 188 to 235 months.

[2] Holding that a defendant cannot be convicted of "using" a firearm under 18 U.S.C. §924(c)(1) unless the defendant "actively employed" the firearm. Mere possession, defined by "proximity and accessibility," is insufficient. *Bailey*, 516 U.S. at 506.

[3] I initially found that petitioner's base offense level was 36 due to his possession of "At least 500 G but less than 1.5 KG of Cocaine Base," and that the cocaine base was in fact "crack." U.S.S.G. 2D1.1(c) ("'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.")

from that sentence to impose concurrent terms of 264 months, in light of petitioner's post-conviction rehabilitation and, "his acknowledgment . . . of his responsibility for both the offense and for testifying falsely during his trial," admissions having the consequence of "foregoing a claim of actual innocence." Petitioner appealed the resentencing, challenging his firearms enhancement and the use of the crack cocaine guidelines. The Court of Appeals affirmed the sentence and the Supreme Court denied certiorari on March 19, 2001 and denied a petition for rehearing on May 21, 2001.

On March 1, 2002, petitioner filed another petition in this Court pursuant to 28 U.S.C. § 2255, challenging his sentence based on *Apprendi*. On January 26, 2004, I transferred that petition to the Court of Appeals as a second or successive petition. On May 31, 2005, the Court of Appeals held that the petition was not second or successive, and transferred the case back to this Court, directing that I provide the necessary form for filing a § 2255 motion.

While that case was pending, petitioner filed another motion under Rule 60(b) on March 7, 2005, and a supplemental motion under Rule 60(b) and Rule 15(a) on May 2, 2005, also seeking relief pursuant to *Apprendi*. On July 6, 2006, I held that I would treat that motion as a non-successive § 2255 petition, pursuant to the Court of Appeals' ruling of May 31, 2005.

Petitioner also filed a new § 2255 petition on May 30, 2006, putting forth substantially the same arguments, and then filed a "motion for summary judgment" on July 27, 2006, also on *Apprendi* grounds. As these motions are substantially the same in the claimed grounds for relief, I address them all in this Opinion.

## Discussion

*Apprendi* holds that any fact, other than that of a prior conviction, which "increases the penalty for a crime beyond the prescribed statutory maximum" must be either admitted by the defendant or submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490.

Petitioner argues that my determination at resentencing that petitioner obstructed justice and possessed a gun, which increased his Guidelines sentencing range above the maximum of 235 months which would have applied without those enhancements, is unconstitutional under *Apprendi*. Petitioner also argues that my determination as to the total drug weight and type, pursuant to U.S.S.G. § 2D1.1, enhanced his Guidelines sentence based on facts not found by a jury.

*Statutory Maximums*

The Second Circuit has "repeatedly held that Guidelines

ranges are not statutory maximums for the purpose of *Apprendi* analysis." *U.S. v. Luciano,* 311 F.3d 146, 153 (2d Cir. 2002) (citing cases). Rather, under the precedent of this circuit, *Apprendi* "appl[ies] only when a sentencing court's findings increase the penalty faced by the defendant above the *statutory maximum for a given count* and not when they merely affect the length of a sentence within the statutory range." *U.S. v. White*, 240 F.3d 127, 136 (2d Cir. 2001) (emphasis added).

However, petitioner argues that the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *U.S. v. Booker*, 543 U.S. 220 (2005) demonstrate that, for *Apprendi* purposes, the 'statutory maximum' is the maximum sentence available under the Federal Sentencing Guidelines. *Blakely* held that the Sixth Amendment prohibited the imposition under Washington State's determinative sentencing guidelines of a sentence greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. *Booker* extended *Blakely*'s holding to the Federal Sentencing Guidelines, finding that the Guidelines violated the Sixth Amendment to the extent that a maximum Guidelines sentence was increased based on factual findings made by a judge. 543 U.S. at 243-44. Petitioner argues that these cases clarify that the 'statutory maximum' referred to by *Apprendi* is the maximum sentence allowable under the Guidelines

and that, accordingly, even under *Apprendi* alone a judge may not find facts which increase a defendant's sentence beyond the Guideline range.[4]

However, the Second Circuit has already made it clear that *Booker,* though based on the rule set out in *Apprendi*, was not merely reiterating or explaining *Apprendi*. In *Guzman v. U.S.*, 404 F.3d 139 (2d Cir. 2005), the petitioner, whose conviction became final after *Apprendi* but before *Booker*, argued that the Court's holding in *Booker* was "compelled" by *Apprendi* and therefore, "since [petitioner's] conviction was not final when *Apprendi* issued, [petitioner] would be afforded any relief he could get under *Booker*." 404 F.3d at 142. However, the Second Circuit disagreed with petitioner's argument and found that *Booker* announced a "new rule" whose "result . . . was not dictated by *Apprendi* or, for that matter, the Court's later decision in *Blakely*." *Id.* ("It cannot be said that the result in *Booker* was apparent to 'all reasonable jurists'; in *Booker* itself, dissenters undertook to explain why the holding in *Booker*

---

[4] Petitioner is not arguing that he is entitled to relief directly under *Blakely* and *Booker* themselves but rather that the results of those cases should inform a court on what the meaning of *Apprendi* has been all along. Nor could petitioner argue that he is entitled to relief under those cases since his conviction became final on March 19, 2001, when the Supreme Court denied certiorari, and the Second Circuit has held that neither *Blakely*, decided in 2004, nor *Booker*, decided in 2005, apply retroactively to cases on collateral review. *See U.S. v. Carmona*, 390 F.3d 200 (2d Cir. 2004) (*Blakely*); *Guzman v. U.S.,* 404 F.3d 139 (2d Cir. 2005) (*Booker*); *see also Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1987) (A conviction is "final" when "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

was not compelled by *Apprendi* or *Blakely*."). Accordingly, even after *Booker*, the statutory maximum for *Apprendi* purposes remains the maximum available for the given count, not the maximum allowable under the Guidelines. *See Cook v. U.S.,* 2006 WL 3333068, at *15 (S.D.N.Y. 2006) ("[A]n *Apprendi* claim is wholly distinct from a *Booker* claim."); *Lisnoff v. U.S.,* 2006 WL 1367413, at *4 (E.D.N.Y. 2006).[5]

*Apprendi Analysis*

Contrary to petitioner's contention that the jury made no finding as to drug quantity or type, the jury convicted petitioner of violating 21 U.S.C. § 841(b)(1)(A)(iii), possession with intent to distribute 50 grams of more of cocaine base. The statutory range for a violation of § 841(b)(1)(A)(iii) is 10 years to life. Because petitioner's sentence of 264 months,

---

[5] To the extent petitioner is relying on *Blakely*, such reliance is misplaced. *Blakely* deals only with the Washington State sentencing scheme and therefore, even read together, *Apprendi* and *Blakely* would only stand for the proposition that Guideline ranges are the relevant 'statutory maximums' in sentencing schemes identical to Washington's. However, there are "key differences" between the Washington system and the Federal Guidelines. *Booker*, 543 U.S. at 332 (Breyer, J., joined by Rehnquist, C.J., and O'Connor & Kennedy, JJ., dissenting in part) (arguing that "[l]egal logic" did not require the extension of *Apprendi* and *Blakely* to the Guidelines "for there are key differences"). It was not until the 'new rule' in *Booker* that the Supreme Court found "statutory maximums" to refer to Guideline sentences under the federal system.

In a recent letter, petitioner alerted the Court to the case of *Cunningham v. California,* 127 S.Ct. 856 (2007), in which the Supreme Court struck down California's determinative sentencing program as unconstitutional. While the Court's holding in that case affirmed its precedents set out in *Apprendi*, *Blakely* and *Booker*, nothing in that holding, either explicitly or implicitly undercuts the Second Circuit's conclusion that *Booker* is a 'new rule.'

based on the obstruction of justice and firearm enhancements and my determinations as to drug type and amount,[6] is in well within that statutory maximum, his *Apprendi* claim fails. *See U.S. v. Martinez,* 85 Fed.Appx. 791, 792 (2d Cir. 2004) ("[U]nder *Apprendi*, drug quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury.") (internal quotations omitted); *Grimes v. U.S.,* 2003 WL 553269, at *3 (W.D.N.Y. 2003) (Obstruction of justice and firearm enhancements are permissible under *Apprendi* where "the sentencing facts found . . . did not cause Petitioner's sentence to exceed the statutory maximum, nor did they trigger a mandatory statutory minimum.").

---

[6] Petitioner's reliance on *U.S. v. Williams*, 29 Fed.Appx. 656 (2d Cir. 2002) is misplaced. In that case, the Second Circuit found, relying on *U.S. v. Guevara*, 277 F.3d 111 (2d Cir. 2001), that a judge's drug quantity determination violates *Apprendi* where that finding triggered a mandatory minimum above the otherwise applicable Guidelines range. However, the Second Circuit has clearly held that the *Guevara* rule applies only where the judicial finding triggers a mandatory minimum and that a judicial finding which merely increases the sentence within the statutory range is permitted under *Apprendi*. *Beatty v. U.S.*, 293 F.3d 627 (2d Cir. 2002). In the present case, the jury's verdict that defendant possessed 50 grams of cocaine base supported a sentence of 121 to 151 months, based an offense level of 32 (U.S.S.G. § 2D1.1(c)), and thus, even without any further findings of fact, "the top of that applicable range was above the mandatory minimum sentence of 120 months." *U.S. v. Norris*, 281 F.3d 357, 360 (2d Cir. 2002).

## Conclusion

For the reasons set forth above, petitioner's application is denied and petitioner is denied a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right." *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996). The Clerk is directed to transmit a copy of the within to all parties.


SO ORDERED.

Dated :  Brooklyn, New York
         July 19, 2007

                By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge